**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BILLY E. BELCHER, JR. | ) | CASE NO. 06-71448 |
| JANE I. BELCHER, | ) | |
| | ) | |
| Debtors. | ) | |

_____

| | | |
|---|---|---|
| BILLY E. BELCHER, JR., and | ) | |
| JANE I. BELCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-07076 |
| SALLIE MAE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MEMORANDUM DECISION

The Debtors, Billy and Jane Belcher, filed a voluntary Chapter 7 petition on

November 30, 2006, and the case was subsequently converted to one under chapter 11 by Order

entered September 24, 2007.  Their plan of reorganization was confirmed by this Court on March

11, 2008.  Such plan, among many other things, expressly dealt with and provided for an

educational loan held by the Defendant.  This adversary proceeding was initiated by a Complaint

filed on December 8, 2008, which named Sallie Mae, Inc. and Pennsylvania Higher Education

Assistance Agency d/b/a American Education Services ("AES")[1] as defendants.  In their

Amended Complaint filed February 3, 2009, the Debtors allege that the Defendants willfully

violated the automatic stay by undertaking collection efforts against them following

---

[1] Pennsylvania Higher Education Assistance Agency was dismissed from the suit upon
appropriate motion by the Debtors, which was granted by Order entered July 14, 2009.

confirmation of their chapter 11 Plan and seek damages accordingly.[2]  In its answer to these

allegations, Sallie Mae admits that it continued collection efforts after confirmation of the

Chapter 11 Plan but denies that it knowingly or willfully violated the automatic stay.  The initial

pre-trial conference was set for January 26, 2009.  However, on January 6, 2009, the Debtors

filed a Motion to Extend Time to allow the Defendants to file their responsive pleadings to

February 9, 2009, and to continue the initial pre-trial conference to February 23, 2009, which

Motion was granted by Order entered January 7, 2009.  At the initial pre-trial conference Mr.

Charboneau, counsel for the Debtors, moved for this Court to allow 120 days for discovery.

After hearing the anticipated discovery needs from both parties, the Court allowed a period of

approximately 90 days for the parties to conduct discovery, urged the parties to proceed

expeditiously, and continued the pre-trial conference to June 8, 2009.  These dates were set forth

in an Order entered February 24, 2009.  The Order also provided that the parties for good cause

shown might request an extension should they need more time to complete discovery.  The

specific matter now before the Court concerns a multi-item discovery dispute regarding

information sought by the Debtors from Sallie Mae.  In addition the Debtors seek an extension of

time to complete their desired discovery.

---

[2]  Specifically, Count I of the Amended Complaint seeks actual and punitive damages under 11 U.S.C. §105(a) as a sanction against the Defendants for intentionally acting in utter disregard of the bankruptcy, plan, confirmation order and automatic stay.  Count II seeks actual and punitive damages for willful violations of the stay under 11 U.S.C. § 362(k).  Count III seeks an injunction enjoining the Defendants from attempting to collect the debt while the Debtors are performing under the Plan.  Count IV seeks damages for violation of 11 U.S.C. § 524(i) for willful violations by Sallie Mae of failing to credit payments received under the Plan in the manner required by the Plan.  Count V asks that the Court hold Sallie Mae in contempt for trying to collect payments not required or authorized by the Plan and confirmation order.  Count VI is a similar contempt request against AES.

The Debtors propounded their initial discovery requests to Sallie Mae on March 16, 2009, three weeks after the date of the continued pre-trial conference.  Such request included twelve interrogatories, twenty-one requests for admission, and seven requests for the production of documents.  Responses to those requests were sent to the Debtors on April 16, 2009.  Believing Sallie Mae's responses to be insufficient, Mr. Charboneau very promptly contacted Mr. Huebschman, counsel of record for Sallie Mae, by telephone to discuss his concerns and at the latter's request on April 17, 2009 sent an email communication to such counsel setting forth the reasons for his dissatisfaction with the responses and noting his position that he would seek sanctions should adequate responses not be filed.  On that same date, Mr. Becket, who the Court understands to be an in-house corporate counsel for Sallie Mae, responded by email indicating that he would review the objections further with Mr. Huebschman and estimating that it would take a period of two weeks to fully address the issues raised.  Later on that date, Mr. Charboneau responded noting that the estimated two week period was unacceptable, given the approaching discovery deadline.  One week later, Mr. Becket responded by restating Sallie Mae's objections to the initial requests for discovery, supplementing portions of Sallie Mae's responses, requesting that a confidentiality order be entered with respect to certain manuals detailing Sallie Mae's internal procedures, and requesting that any remaining discovery issues be discussed in an attempt to avoid litigation.  On May 19, 2009 a confidentiality order was entered, and Sallie Mae then provided additional documents subject to such order on May 20, 2009.  On May 28, 2009, Mr. Charboneau, on behalf of the Debtors, filed a Motion to Compel Discovery and a Motion to Extend Time to complete discovery, and Salle Mae filed responses to both Motions on June 30, 2009.  At a hearing upon these motions on July 14, 2009 Mr. Charboneau represented that

between April 24 and May 28 he attempted to call counsel for Sallie Mae several times to attempt to resolve his remaining issues to no avail.

In their Motion to Compel, the Debtors seek to compel Sallie Mae to provide satisfactory discovery responses and request sanctions against Sallie Mae for its failure to respond adequately.  Specifically, the Motion to Compel asserts that Sallie Mae's responses to interrogatories 1 through 9 and 12; requests for admission 7, 9, 10, and 16; and requests for production 2 through 7 fail to satisfy its discovery obligations.  However, since the Motion to Compel was filed, Sallie Mae has provided satisfactory responses to the Debtors' interrogatories 7 through 9 and requests for production 3, 4, and 7.  Thus, the remaining discovery requests at issue as of the date of this decision are interrogatories 1 through 6, and 12; requests for admission 7, 9, 10 and 16; and requests for production 2, 5, and 6.[3]  Additionally, counsel for the Debtors raised the issue that Sallie Mae's responses to the interrogatories were not verified as required.[4]

In its response to the Motion to Compel, Sallie Mae asserted its objections to the various discovery requests as its reasons for not having provided the information requested by

---

[3]  In his Memorandum in support of the Motion to Compel, counsel for the Debtors also took issue with Sallie Mae's responses to Interrogatory number 11 and Request for Admission number 8, but because these were not set forth in the Motion or any amendment or supplement to such Motion, the Court will deal only with the issues specifically addressed by such Motion.

[4]  This issue also was not raised in the Motion to Compel. Counsel for Sallie Mae, however, indicated at the hearing that this issue had been raised by counsel for the Debtors prior to his filing of the Motion to Compel.  Specifically, in his initial email response to Sallie Mae's counsel regarding his concerns with the discovery responses, counsel for the Debtors included the following statement:  "As a general note, the responses are subject to sanction because they are not signed under oath."  Counsel for the Debtors is correct that the obligation to answer interrogatories under oath is explicit and beyond any reasonable dispute.  F.R.C.P. Rule 33(b)(3).

the Debtors, that it did not intentionally hinder the Debtors' discovery efforts, and that counsel

for the Debtors did not seek to further discuss any areas of concern with counsel for Sallie Mae

once the supplemental responses were filed, as was requested in those responses by Sallie Mae.

A hearing was held on the Motion to Compel, the Motion to Extend Time, and Sallie Mae's

responses thereto on July 14, 2009, during which this Court directed the parties to file

memoranda in support of their respective positions.  Those memoranda have been filed.  The

Court, based on the following discussion, determines that the Motion to Compel and the Motion

to Extend Time for completion of discovery at least in substantial part ought to be granted, but

will be obliged to set an evidentiary hearing to determine a proper sanction if counsel for the

parties are unable to negotiate a consensual resolution of such issue.

The Debtors' initial discovery requests propounded to Sallie Mae and its

responses to them are set forth in Exhibit A to this decision.  Mr. Charboneau's April 17th email

is likewise set forth in Exhibit B and Mr. Becket's April 24th response to that email is contained

in Exhibit C.  These exhibits are incorporated as part of the Court's finding of facts relating to

this dispute.  At the hearing on the Motion to Compel, Mr. Charboneau further asserted that

Sallie Mae had not produced all documents called for in the Requests for Production and that

Sallie Mae had sought confidentiality for some materials which were already disseminated on

the internet.  He indicated that he had learned of these matters subsequent to the filing of the

Motion to Compel.

REVIEW OF APPLICABLE RULES GOVERNING DISCOVERY

The discovery dispute between these parties arises in an adversary proceeding

5

governed by Part VII of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

Rules 7026 thru 7037 of those Rules incorporate verbatim by reference the discovery rules

contained in Rules 26 thru 37 of the Federal Rules of Civil Procedure ("F.R.C.P.").  The

authorized scope of discovery is quite broad and includes "the existence, description, nature,

custody, condition, and location of any documents or other tangible things and the identity and

location of persons who know of any discoverable matter" so long as the information is not

privileged and "is relevant to any party's claim or defense."  F.R.C.P. Rule 26(b)(1).  Even

before the court establishes any deadlines or other procedures regarding discovery in the

proceeding, the parties are obliged to "confer as soon as practicable – and in any event at least 21

days before a scheduling conference" to "make or arrange for the disclosures required by Rule

26(a)(1)" and "develop a proposed discovery plan."  F.R.C.P. Rule 26(f)(1) and (2).  The initial

disclosures required by Rule 26(a)(1), which "must" be provided to the other parties "without

awaiting a discovery request" include the following:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information– that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; . . .

F.R.C.P. Rule 26(a)(1)(A)(i), (ii), and (iii).  These disclosures "must" be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."  Rule 26(a)(1)( C ).  The Bankruptcy Rules also incorporate Rule 16, which provides that a court may order counsel and unrepresented parties to appear at a pretrial conference for such purposes as:

     (1) expediting disposition of the action;
     (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
     (3) discouraging wasteful pretrial activities;
     (4) improving the quality of the trial through more thorough preparation; and
     (5) facilitating settlement.

F.R.C.P. Rule 16(a)(1) - (5), incorporated by Bankruptcy Rule 7016.  Following such a pretrial conference the court is directed to issue a scheduling order, which among other things "must limit the time . . . to complete discovery[.]"  F.R.C.P. Rule 16(b)(3).

     The particular matters in dispute between the parties in this proceeding concern interrogatories to parties, requests for admission and requests for production of documents, which are provided for in Rules 33, 36 and 34, respectively, of the Federal Rules.  These Rules provide in relevant parts as follows:

### Rule 33.  Interrogatories to Parties:
### a) In General.

     **(1)** *Number.* [omitted]

     **(2)** *Scope.* An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other

time.

**(b) Answers and Objections.**

(1) ***Responding Party.*** **The interrogatories must be answered:**

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) ***Time to Respond.*** [omitted]

(3) ***Answering Each Interrogatory.*** Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) ***Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) ***Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

**( c ) Use.** [omitted]

**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

**Rule 36. Requests for Admission:**

**(a) Scope and Procedure.**

(1) ***Scope.*** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of

any matters within the scope of Rule 26(b)(1) relating to:

**(A)** facts, the application of law to fact, or opinions about either; and

**(B)** the genuineness of any described documents.

**(2)** *Form; Copy of a Document.* [omitted]

**(3)** *Time to Respond; Effect of Not Responding.* [omitted]

**(4)** *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**(5)** *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

**(6)** *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

**(b) Effect of an Admission; Withdrawing or Amending It.** [omitted]

## Rule 34.   Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes:

**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

**(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

9

**(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

**(B)** any designated tangible things; or

**(2)** [omitted]

**(b) Procedure.**

**(1) *Contents of the Request.*** The request:

**(A)** must describe with reasonable particularity each item or category of items to be inspected;

**(B)** must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

**(C)** may specify the form or forms in which electronically stored information is to be produced.

**(2) *Responses and Objections.***

**(A)** *Time to Respond.* [omitted]

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

**( C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

**(D)** *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.

**(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

**(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

10

**(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

**(iii)** A party need not produce the same electronically stored information in more than one form.

**( c ) Nonparties.**  [omitted]

If a party fails to make required disclosures or to cooperate in the discovery process, Rule 37 provides various possible remedies to the aggrieved party.  The portions of that Rule relevant to the present dispute are as follows:

**Rule 37.  Failure to Make Disclosures or to Cooperate in Discovery; Sanctions:**

**(a) Motion for an Order Compelling Disclosure or Discovery.**

**(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**(2)** *Appropriate Court.* [omitted]

**(3)** *Specific Motions.*

**(A)** *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

**(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

**(i)** [omitted]

**(ii)** [omitted]

**(iii)** a party fails to answer an interrogatory submitted under Rule 33; or

**(iv)** [omitted].

11

( **C**) *Related to a Deposition.* [omittted]

(**4**) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(**5**) *Payment of Expenses; Protective Orders.*

(**A**) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(**i**) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(**ii**) the opposing party's nondisclosure, response, or objection was substantially justified; or

(**iii**) other circumstances make an award of expenses unjust.

(**B**) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26( c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

( **C**) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26( c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

**(b) Failure to Comply with a Court Order**. [omitted]

( c)  **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(**1**) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

**(B)** may inform the jury of the party's failure; and

**( C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

**(2)** *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

**(A)** the request was held objectionable under Rule 36(a);

**(B)** the admission sought was of no substantial importance;

**( C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

**(D)** there was other good reason for the failure to admit.

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1)** *In General.*

**(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

**(i)** [omitted]

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

**(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the

13

discovery sought was objectionable, unless the party failing to act has
a pending motion for a protective order under Rule 26( c).

**(3)** ***Types of Sanctions.*** Sanctions may include any of the
orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to
these sanctions, the court must require the party failing to act, the
attorney advising that party, or both to pay the reasonable expenses,
including attorney's fees, caused by the failure, unless the failure was
substantially justified or other circumstances make an award of
expenses unjust.

**(e) Failure to Provide Electronically Stored Information.** [omitted]

**(f) Failure to Participate in Framing a Discovery Plan**. [omitted]

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984.   An action seeking damages for an alleged violation of a bankruptcy

court's automatic stay is not expressly made a "core" bankruptcy proceeding pursuant to 28

U.S.C. § 157(b)(2) although motions "to terminate, annul, or modify the automatic stay" are

pursuant to § 157(b)(2)(G).   Furthermore, the Bankruptcy Code explicitly provides in 11 U.S.C.

§ 362(k) an action for both actual and punitive damages for violation of the automatic stay.

Finally, the specific sub-sections following 28 U.S.C. § 157(b)(2) are illustrative, not exclusive.

Accordingly, the Court concludes that a proceeding seeking enforcement in a bankruptcy court

of one of its orders is inherently a "core" proceeding within the meaning of § 157(b)(2).

Before moving to address the points raised by the Motion to Compel, it is

appropriate for this Court to note its expectations of counsel regarding the discovery process.

The Court expects that counsel will not only be thoroughly familiar with the provisions of the

Rules governing discovery and that they will endeavor in good faith to comply with them, but

also that they ever keep in mind the responsibility which follows with the privilege of being an

14

officer of the court to treat each other with courtesy and mutual respect, in other words,

collegially, even when irritated by the other's position.  Counsel should respond to other

attorneys' telephone calls as promptly as reasonably convenient, on the one hand, and strive to

avoid use of pejorative terms such as "spurious" when referring to the other's objections and

arguments, on the other hand.  The Court believes that this dispute would not have arisen if

counsel for the parties had simply complied with their clear mandatory disclosure obligations

and other responsibilities set out in  F.R.C.P. Rule 26 and then proceeded from there.  Had they

done so, the Court is satisfied that the length of time provided by the Court in its February 24,

2009 scheduling order would have been fully adequate to permit all reasonably necessary

discovery.

Now the Court will address the specific points of dispute.  It is clear that

identifying and contact information with respect to each person "likely to have discoverable

information . . . that the disclosing party *may use* to support its claims or defenses" (emphasis

added) not only does not invade counsel's work product or constitute an oppressive inquiry, it

rather is required without even waiting for an interrogatory by Rule 26(a)(1)(A)(i).  Accordingly,

Sallie Mae should have provided that information even before the scheduling conference.  Of

course counsel for the Debtors sought the identity of *all* persons who had knowledge of any facts

relevant to a claim or defense in this litigation, irrespective of whether Sallie Mae might use

them, but Rule 26(b)(1) provides that the "identity and location of all persons who know of any

discoverable matter" is within the permissible scope of discovery.  It should be noted that it isn't

just the defendant who has disclosure obligations, Debtors' counsel was also obliged to provide

Sallie Mae "a computation of each category of damages claimed . . . [along with all documents]

15

on which each computation is based[.]" Rule 26(a)(1)(A)(iii).

Interrogatory 1 essentially seeks an explanation and justification for any failure by Sallie Mae to admit any request for admission. The Court overrules Sallie Mae's objections that the interrogatory is vague and ambiguous or that it improperly invades counsel's work product. While as precisely drafted it arguably might be burdensome, there is nothing vague or ambiguous about what it seeks. The facts upon which a party relies in denying a request for admission are clearly within the scope of discovery and not protected as part of counsel's opinions or work product. Sallie Mae's answer does properly reference its responses to the requests for admission in question. Those complained of by the Debtors are 7, 9, 10 and 16. Request 7 seeks an admission that Sallie Mae "purposefully attempted to collect payments" from Mr. Belcher during the months of September - November, 2008. This information is clearly relevant to the claims sought to be advanced by the Debtors and the Defendant's objection on the ground of irrelevancy is denied. Sallie Mae also took issue with the use of the word "purposefully" on the ground that such language was vague and ambiguous. While the Court sees nothing vague or ambiguous about the use of this word, even if such were the case, that in no way affects a party's obligation to go beyond simply an admission or denial of a request for admission, which is to "specifically deny [a not admitted request] or state in detail . . . why the answering party cannot truthfully admit or deny it." Moreover, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." F.R.C.P. Rule 36(a)(4). No good reason appears why this request was not either admitted without qualification or with Sallie Mae supplying its own understanding of the meaning of the

16

term "purposefully", such as, for example, "intentionally but without knowledge or understanding that the automatic stay remained in effect."  Accordingly, this response was deficient.  Request 9 is the same as request 7 except that it relates to attempts to collect payments during the same period from "the Debtors" rather than Mr. Belcher specifically.  Sallie Mae's response was the same as its response to request 7 so this objection is denied as well. Interrogatory 10 is a more general approach to the same issue of Sallie Mae's collection activities during bankruptcy as it seeks an admission that such entity "purposefully, and not accidentally, attempted to collect payments from the Debtors in excess of the payments required by the Debtors' Plan" after its confirmation.  Sallie Mae similarly objected on the ground of irrelevancy and that the use of "purposefully, and not accidentally" was vague and ambiguous. For the reasons already noted, this objection was not well taken and is denied.  Lastly, request 16 followed this same general path and sought an admission that Sallie Mae "purposefully, and not accidentally, tried to draft the Debtors' bank account for an amount in excess of $311.32 after March 11, 2008."  Sallie Mae again objected that the request was "vague and ambiguous" as to the phrase "purposefully, and not accidentally."  Likewise, for the reasons already noted, this objection was not justified and is denied.  While the Court does not approve of the dismissive language used in Mr. Charboneau's reaction to these objections, his exasperation is at least somewhat understandable as it is difficult for the Court as well to reconcile such responses with any conclusion that Sallie Mae's attorneys both understood their obligations under Rule 36 and made a good faith effort to fulfill them.

Interrogatory 2 seeks the "name and address of each and every person who assisted in the preparation of the answers to these interrogatories or who has information relating

to any of the interrogatories." Sallie Mae answered that the "answers were prepared by attorneys representing Sallie Mae" and filed a multi-ground objection that such requested information is irrelevant, not calculated to lead to discovery of admissible evidence, burdensome, "vague and ambiguous as to the phrases 'assisted in the preparation' and 'who has information relating to any of the interrogatories," constitutes "personal identities and other personally identifying information," and finally that it is sought "solely for the purposes of harassment, intimidation, annoyance and embarrassment." Read literally, this interrogatory is overbroad as the name and address of "each and every person who assisted in the preparation of the answers to these interrogatories" would include not only those persons who might know something about the relevant facts but also the legal assistant or secretary who typed up the answers or otherwise provided assistance of a clerical or support nature. However, Rule 33 requires that "to the extent it is not objected to," each interrogatory must "be answered separately and fully in writing under oath." Under Rule 26(b)(1) the permissible scope includes "the identity and location of persons who know of any discoverable matter." The Rule expressly requires that the "person who makes the answers must sign them, and the attorney who objects must sign any objections." F.R.C.P. Rule 33(b)(5). Accordingly, to the extent that the interrogatory sought the identity of any person who actually prepared the answers or who, other than in a purely clerical or support role, provided information used to prepare such answers, it was not objectionable. That portion of the interrogatory which seeks the identification of any person "who has information relating to any of the interrogatories" must also be interpreted in a similar manner. That interpretation properly includes the identification of any known person who in the process of preparing answers is determined to have or might have any factual information relevant to any of the substantive

18

matters contained in the interrogatories.  A review of the discovery rules makes clear that even

ones which could be interpreted to cast a net too widely ought to be answered to the extent they

seek information within the permissible scope of discovery and, if desired, objected to the extent

deemed to be beyond that.

Interrogatory 3 similarly seeks the identity of "each person having knowledge of

any facts relating to any of the issues involved in this lawsuit" and additionally the facts known

by any such person, the basis for such knowledge, and the individual's contact information.  This

interrogatory has been objected to on the ground that it is "vague and ambiguous as to the

phrases 'person having knowledge of any facts relating to any of the issues involved in this

lawsuit' and 'the basis of each such person's knowledge'."  Although the scope of this

interrogatory is broader than the one which precedes it as it applies to identification of witnesses

having any knowledge of any issues in the lawsuit rather than just the matters referenced in the

interrogatories, any person whose identity would be required to be disclosed by this

interrogatory would by necessity be included in those persons subject to disclosure under the

language of interrogatory 2.  Accordingly, the discussion contained in the preceding paragraph

concerning disclosure of such persons will not be repeated here.  As to this objection also while

the language "knowledge of any facts relating to any of the issues involved in this lawsuit" does

lend itself to an overly broad scope, interpreted reasonably it is an interrogatory which seeks the

identity of persons who may have personal knowledge relevant the lawsuit.  The Court sees no

real indication that the interrogatory is vague about what it seeks.  To the extent that the

language is arguably ambiguous about the class of persons who might be said to have "any

knowledge of any facts relating to any of the issues' in the lawsuit", that is no reason for the

19

disclosing party not to note its own interpretation of such language and answer accordingly. Accordingly, Sallie Mae's objection to this interrogatory will likewise be denied.  Portions of the interrogatory might be objectionable on grounds other than those contained in the objection, but the Court will not undertake to rule on other objections which might have been made but were not.

Interrogatory 4 seeks disclosure "with particularity of all facts that support any defense" Sallie Mae intends to raise, the identity of each person "having knowledge of such facts" and "any documents evidencing such facts."  Sallie Mae again interposes its favorite objection that the language of the interrogatory is "vague and ambiguous" but then goes on to note its "primary" defense that the electronic docket of the Court after confirmation of the Debtors' chapter 11 plan contained a notation or flag that the debtors had been discharged, which was not the case, but which its personnel relied upon without an awareness of the true facts in making collection efforts against the Belchers until the adversary proceeding was filed.  While the wariness of Sallie Mae's counsel towards conceding unwittingly some applicable defense to the claims advanced in the Complaint is understandable, the way they went about it was erroneous.  Specifically, they should have disclosed the material facts of any defense which at that time appeared to be factually supported but reserved the right to assert any other defense which might become apparent during further discovery or preparation for trial and committing to supplement the initial responses at any such time accordingly. While this interrogatory was substantially answered, it was not fully answered and therefore the specific objection of vagueness and ambiguity is denied.

Interrogatory 5 inquires about any "policies or programs" which Sallie Mae had

in effect, during the time of the collection efforts complained of, to avoid violations of the automatic stay, and providing "by way of example and not limitation, training programs for agents of the Defendant, policies requiring agents . . . to confer with corporate counsel regarding actions that might violate the stay, computer programs used . . . to identify persons protected by the stay, etc."  No one is likely to be much surprised that Sallie Mae objected to this interrogatory on the ground that is  "vague and ambiguous as to the phrases 'policies and/or programs' and 'regarding the prevention of violations of the stay.'"  Interpreted reasonably there is nothing vague or ambiguous about the information sought by this interrogatory and therefore the objection on such ground will be denied.  Sallie Mae undertook nevertheless to respond to such interrogatory ultimately by providing policy manual documents which set forth its policies rather than attempting to provide a description of them.  Rule 33(d) expressly provides an option to the disclosing party to do exactly that, so to the extent that all of Sallie Mae's policies regarding the prevention of violations of the automatic stay are contained in such documents, it has complied properly with such interrogatory.  Of course if there is any policy not covered by the provided documents, it must be reasonably set forth and any relevant documents relating to it must be specified.

Interrogatory 6 is very similar to interrogatory 5 except that it seeks information about "policies and/or programs regarding compliance with bankruptcy court orders confirming plans" during the time period in question rather than compliance with the automatic stay specifically.  To this interrogatory Sallie Mae repeats its "vague and ambiguous" objection.  It further asserted that the interrogatory is "rendered irrelevant by the Fourth Circuit Court of

Appeals' decision in *Banks*."[5]  It further notes that it has supplied to Debtors' counsel policy

manual documents "concerning how Sallie Mae employees deal with notices of bankruptcy,

verbally and otherwise, and what to do when such notice is received."  Given any reasonable

interpretation, the Court sees nothing vague or ambiguous about the language of this

interrogatory.  Accordingly, that objection is without merit.  The Court further notes that

documents or policies relating to "notices of bankruptcy" is not responsive to an inquiry directed

to bankruptcy court orders confirming plans.  While Sallie Mae may believe that the information

sought by this interrogatory has no purpose in light of the *Banks* decision, that determination is

ultimately one for the Court to make unless the parties agree.  In any event any such legal

contention does not affect its duty to respond meaningfully to discovery propounded as to claims

advanced in the Complaint which have not been ruled upon by the Court by a motion to dismiss

or otherwise.

---

[5] *Banks v. Sallie Mae Servicing Corp.* (*In re Banks*), 299 F.3d 296 (4th Cir. 2002).   In
*Banks*, the debtor filed an adversary proceeding after the discharge order was entered and his
case was closed seeking a declaratory judgment that, pursuant to the provisions of his confirmed
Chapter 13 plan, he was not liable for postpetition interest that accrued on his student loans
during the pendency of his bankruptcy.  The debtor's confirmed plan provided that the trustee
would pay Sallie Mae (who later assigned the claim to ECMC) $4,103.23 which "shall be
applied to principal.  No interest, penalties, late charges, or costs of collection (including
attorney's fees) shall accrue." *Id. at  299.*  After the discharge order was entered, ECMC
informed the debtor that it had applied the payments to interest rather than principal and had
capitalized the remaining interest.  Both the district court and the 4th Circuit court noted that the
proper allocation of payments on a defaulted student loan is first toward accrued interest and
then to the principal balance under federal regulations governing federally guaranteed student
loans.  The court reasoned that because the debtor failed to initiate an adversary proceeding to
establish undue hardship, ECMC did not receive the requisite notice of the debtor's intent to
discharge postpetition interest on his student loans.  For lack of adequate notice, the court held
that the confirmation and discharge orders discharging the interest were not entitled to preclusive
effect and ECMC's claim for postpetition interest survived the discharge order. *Id. at 302-303.*

22

Finally, with respect to the interrogatories in contention, interrogatory 12 asks for "a detailed list of all documents received by Sallie Mae related to the Debtors' bankruptcy case since November 30, 2006" with each document to be specified with "particularity" and its date of receipt noted.  To this interrogatory Sallie Mae objects that the information is equally available to or known by the Debtors and that to the extent that it requests "material prior to March 11, 2008" such information "is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence."  It then goes on, however, to state that it has provided Debtors' counsel with its "Borrower Correspondence History" for the plaintiffs' account, which it represents to be "the only material or document Sallie Mae has that is responsive to this request."  The objection that the information requested is equally available to the plaintiffs is denied because the mailing or other transmission of documents is not coextensive with the list of documents which a party admits to having received.  To be more specific, only Sallie Mae is in possession of the information disclosing those documents relating to this case which its acknowledges that it has received.  The objection that notices or other documents received prior to March 11, 2008, which is the date the order confirming the Debtors' chapter 11 plan was entered, are irrelevant is also denied because the plan and its related disclosure statement, which certainly would have been sent prior to such date, might well be relevant to the claims advanced in the Complaint.  If the Borrower Correspondence History furnished by Sallie Mae indeed does list all documents received by such organization during the case relating to the Debtors' case, Sallie Mae has complied with such request.  If such is not this case, it has not done so.

Request for Production 2 seeks all call logs and related records regarding the

Debtors' accounts for the time period of March 11, 2008 to the date of the requests for

discovery.  Sallie Mae objected to such request on the grounds that the request imposes an undue

burden on Sallie Mae and that the request is vague and ambiguous with respect to the phrases

"call logs and related records" and "regarding the account(s) of Billy E. Belcher, Jr. and/or Jane

I. Belcher." Such request clearly does not impose an undue burden upon Sallie Mae and in fact it

did supply its call logs in response to the plaintiffs' discovery.  Accordingly, the objection on

this ground is denied.  The Court does agree with Sallie Mae, however, that the phrase "related

records" is not clear.  The most reasonable interpretation, however, is that it seeks information

about any other contacts made by Sallie Mae representatives with either of the Debtors

concerning their student loan account(s) during the time period in question even if records of any

such contacts are not specifically characterized as part of a "call log."  So interpreted such

information is clearly within the proper scope of discovery and if it has not already been

provided. Sallie Mae is obliged to do so.

          Requests for Production 5 and 6, respectively, seek production of policy manuals

or similar documents provided by Sallie Mae first with respect to the collection of delinquent

accounts and then with respect to the collection of accounts in which the obligors have filed for

bankruptcy.  Sallie Mae objected to these requests on the grounds that the information sought is

irrelevant, that they impose an undue burden on Sallie Mae, and that they are vague and

ambiguous with respect to the phrases "all policy manuals and/or similar documents" and

"related to the collection of delinquent accounts."  Counsel for the Debtors responded that the

information requested goes to the heart of Sallie Mae's asserted good faith defense and that the

request is plainly written and not vague.  Additionally, Mr. Charboneau limited the scope of the

request to the period of time between November 30, 2006 and the filing of the complaint. The

Court agrees with Sallie Mae's objection to request 5 seeking information relating to procedures

for collecting delinquent accounts generally. What Sallie Mae's collection procedures may be

for accounts not subject to bankruptcy restrictions is not relevant to claims or defenses arising

with respect to bankruptcy debtors for actions occurring during the pendency of a bankruptcy

case. On the other hand, documents concerning the collection of accounts of bankruptcy debtors

are relevant. Furthermore, their production does not impose any undue burden upon Sallie Mae

and the language of these requests is neither vague nor ambiguous. Therefore, Sallie Mae's

objection to request 5 is sustained, but its objection to request 6 is denied.

At the hearing on these Motions counsel for the Debtors asserted that local

counsel had not responded to his telephone calls after his receipt of Mr. Becket's email of April

24. By means of those calls Mr. Charboneau claims to have been attempting to confer with

counsel in order to try and resolve outstanding discovery disagreements. The Court concludes

that a careful examination of this contention is necessary because the Court is left frankly in

some doubt as to whether Debtors' counsel has satisfied his obligation to establish that he did not

file the motion to compel "before attempting in good faith to obtain the disclosure or discovery

without court action" in order to obtain an award of a sanction against Sallie Mae or its counsel.

The April 17th email standing alone does not suffice in the Court's view for that purpose, both for

the tone of the language used in that email and the unreasonable deadline it sought to impose for

a response, specifically, demanding amended responses by the end of the day on Monday to an

email transmitted late in the afternoon of the preceding Friday, in other words, the next business

day. Attempting in good faith to obtain requested discovery requires more than making a

25

peremptory demand for the discovery in a manner which suggests a "check the box" mentality

that a motion seeking sanctions will be filed forthwith if satisfactory supplemented responses are

not furnished immediately.  The Court needs to have a better understanding of the events

following Mr. Charboneau's April 17th email and Mr. Becket's email of April 24th before it can

determine whether an award of attorney's fees to Debtors' counsel is appropriate.  It appears that

both Mr. Charboneau and Mr. Huebschman may need to testify and be subject to cross-

examination before a clear picture emerges.  In doing so the Court will also need to examine

whether any sanction awarded should be made against the party, Sallie Mae, or "the attorney

advising that conduct."  The Court is granted considerable discretion by Rule 37(a)(5) to make a

determination appropriate to the specific facts of the matter.  Accordingly, unless the parties are

able to resolve their dispute fully following the rulings made in this decision, the Court will

schedule a hearing following the completion of discovery to determine these issues, including

the extent of the additional services required of Debtors' counsel as a result of the misguided

objections filed by Defendant's counsel.

      The Debtors have sought an extension of the deadline for the completion of their

desired discovery.  Sallie Mae is apparently satisfied with the Debtors' responses to their

discovery and has not made any similar request.  Sallie Mae will be ordered to file supplemented

responses to the Debtors' discovery requests which have been dealt with in this decision, and as

to which their objections have been denied, within thirty days of this date to the end of supplying

complete and responsive answers if the answers already supplied fail to meet that standard.  The

Debtors will be granted an additional sixty days following receipt of Sallie Mae's supplemented

responses to complete their desired discovery.  Of course any such additional discovery will be

without prejudice to the Defendant's right to seek a protective order against demands believed to exceed the proper scope of permissible discovery.

An order in accordance with these rulings will be entered contemporaneously with the docketing of this Memorandum Decision.

This the 19th day of August, 2009.

UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
#### Roanoke Division

In re:                                    )
                                          )     Bankr. No.:  06-71448
BILLY E. BELCHER, JR., and                )
JANE I. BELCHER,                          )     Chapter 11
                                          )
          Debtors.                        )
_____)
                                          )
BILLY E. BELCHER, JR., and                )
JANE I. BELCHER,                          )     Adversary No.:  08-07076
                                          )
          Plaintiffs,                     )
                                          )
v.                                        )
                                          )
SALLIE MAE, INC., and                     )
PENNSYLVANIA HIGHER EDUCATION             )
ASSISTANCE AGENCY, d/b/a/                 )
AMERICAN EDUCATION SERVICES,              )
                                          )
          Defendants.                     )
_____)

### DEFENDANT SALLIE MAE, INC.'S RESPONSES TO PLAINTIFFS'
### FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS,
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Sallie Mae, Inc. ("Sallie Mae"), by and through its undersigned counsel,

hereby provides its responses to Plaintiffs' First Interrogatories, Requests for Admissions, and

Request for Production of Documents as follows:

*[this space intentionally left blank]*



EXHIBIT

Plaintiffs' Exhibit
3
2/13/09  08-07076
Page 1 of 91

## INTERROGATORIES

1.      For each request for admission that you deny either wholly or in part, state each and every fact upon which you rely to support your denial and identify each document that supports such facts.

ANSWER:

Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "each and every fact" and "upon which you rely". Sallie Mae objects to this request on the grounds and to the extent that it seeks to invade the work product, trial preparation materials, thought processes and mental impressions of counsel for Sallie Mae.

Notwithstanding these objections, by way of further response, Sallie Mae's responses to Plaintiff's Requests for Admission speak for themselves.

2.      State the name and address of each and every person who assisted in the preparation of the answers to these interrogatories or who has information relating to any of the interrogatories.

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "assisted in the preparation" and "who has information relating to any of the interrogatories". Sallie Mae objects to this request to the extent that it seeks personal identities and other personally identifying information, as this information is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, and is sought solely for the purposes of harassment, intimidation, annoyance and embarrassment.

Notwithstanding these objections, by way of further response, answers to Plaintiff's Interrogatories were prepared by attorneys representing Sallie Mae.

3.    Identify each person having knowledge of any facts relating to any of the issues

involved in this lawsuit and for each person so identified, describe with particularity:  (i) the facts

to which that person has knowledge;  (ii) the basis of each such person's knowledge of such

facts; and  (iii) the person's contact information.

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information
sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the
discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a
grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the
proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
issues in the litigation, and the probative nature of the proposed discovery in resolving the issues.
Sallie Mae objects to this request on the grounds that the request is overbroad and vague and
ambiguous as to the phrases "person having knowledge of any facts relating to any of the issues
involved in this lawsuit" and "the basis of each such person's knowledge".  Sallie Mae objects to
this request to the extent that it seeks personal identities and other personally identifying
information, as this information is neither relevant, nor reasonably calculated to lead to the
discovery of admissible evidence, and is sought solely for the purposes of harassment,
intimidation, annoyance and embarrassment.

4.    Describe with particularity all facts that support any defense you intend to raise to

this suit and for each such fact, identify any person having knowledge of such facts, and any

documents evidencing such facts.

ANSWER:

Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden
on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely
benefit, taking into account the needs of the case, the issues in the litigation, and the probative
nature of the proposed discovery in resolving the issues.  Sallie Mae objects to this request on the
grounds that the request is overbroad and vague and ambiguous as to the phrases "all facts that
support any defense you intend to raise", "any person having knowledge of such", and "any
documents evidencing such".  Sallie Mae objects to this request to the extent that it seeks
personal identities and other personally identifying information, as this information is neither
relevant, nor reasonably calculated to lead to the discovery of admissible evidence, and is sought
solely for the purposes of harassment, intimidation, annoyance and embarrassment.  Sallie Mae
objects to this request on the grounds and to the extent that it seeks to invade the work product,
trial preparation materials, thought processes and mental impressions of counsel for Sallie Mae.

By way of further response, as Sallie Mae's counsel has explained in detail to Plaintiffs' counsel, on several occasions, that Sallie Mae's primary defense is that, at the time of the events complained of in the Complaint, due to a misstatement on the main case docket, Sallie Mae reasonably believed the case was discharged, and therefore, that the automatic stay was not in effect.

5.    Describe with particularity the policies and/or programs regarding the prevention of violations of the stay that the Defendant had in place during the period of time between March 11, 2008, and the present (by way of example and not limitation, training programs for agents of the Defendant, policies requiring agents of the Defendant to consult with corporate counsel regarding actions that might violate the stay, computer programs used by the Defendant to identify persons protected by the stay, etc.).

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "policies and/or programs" and "regarding the prevention of violations of the stay".

6.    Describe with particularity the policies and/or programs regarding compliance with bankruptcy court orders confirming bankruptcy plans that the Defendant had in place during the period of time between March 11, 2008, and the present (by way of example and not limitation, training programs for agents of the Defendant, policies requiring agents of the Defendant to consult with corporate counsel regarding the impact of plans and confirmation orders, computer programs used by the Defendant to account for funds received in the manner required by the plan, etc.).

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information
sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the
discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a
grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the
proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
issues in the litigation, and the probative nature of the proposed discovery in resolving the issues.
Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to
the phrases "policies and/or programs", "bankruptcy plans", and "regarding the prevention of
violations of the stay".

7.      State the interest rate charged on the debt owed by Billy E. Belcher, Jr. and/or

Jane I. Belcher for every day between March 11, 2008, and March 16, 2009.

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information
sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the
discovery of admissible evidence.

8.      Describe with particularity how you calculated the debt owed by Billy E. Belcher,

Jr. and/or Jane I. Belcher for each month between March 11, 2008, and March 16, 2009.

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information
sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the
discovery of admissible evidence.  Sallie Mae objects to this request on the grounds that the
request is vague and ambiguous as to the phrase "how you calculated the debt owed".

9.      Describe with particularity how you credited any distributions received from the

Debtors between March 11, 2008, and March 16, 2009.

ANSWER:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "credited" and "distributions received from the Debtors".

10.    State with particularity everything either Billy E. Belcher, Jr. and/or Jane I.

Belcher said to Sallie Mae in telephone conversations initiated by agent(s) of Sallie Mae after

March 11, 2008.

ANSWER:

Sallie Mae objects to this request in that the information sought is equally available to, or known by, the requesting party. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "said to Sallie Mae" and "conversations initiated by agent (s) of Sallie Mae".

Notwithstanding these objections, by way of further response, on information and belief, there is no person at Sallie Mae who has personal recollection of the matters addressed by this Interrogatory.

11.    To the extent any conversation(s) between any agent of Sallie Mae and either of

the Debtors were recorded after March 11, 2008, and subsequently destroyed and/or lost, state

with particularity the content of the destroyed and/or lost recording(s).

ANSWER:

Sallie Mae objects to this request inasmuch as if any such recordings were lost or destroyed, it would be impossible to state the content of the destroyed or lost recording(s). Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "subsequently destroyed and/or lost" and "state with particularity the content of the destroyed and/or lost recording(s)".

12.     Produce a detailed list of all documents received by Sallie Mae related to the

Debtors' bankruptcy case since November 30, 2006, which list should describe the document in

particularity and state the date the document was received.

ANSWER:

Sallie Mae objects to this request in that the information sought is equally available to, or known
by, the requesting party.  Sallie Mae objects to this request inasmuch as it imposes a grossly
excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed
discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the
litigation, and the probative nature of the proposed discovery in resolving the issues.  Sallie Mae
objects to this request on the grounds that the request is vague and ambiguous as to the phrases
"all documents", "received by Sallie Mae", and "related to the Debtors' bankruptcy case".  Sallie
Mae objects to this request, to the extent that it requests material prior to March 11, 2008, on the
grounds and to the extent that that the information sought is irrelevant to the subject matter of
this action and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, by way of further response, see Borrower Correspondence
History, provided in response to Plaintiff's Request for Production of Documents.

## REQUEST FOR ADMISSIONS

1.     You charged more than 5% interest on the debt owed to you by Billy E. Belcher,

Jr. after March 11, 2008.

    Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

2.     You charged more than 5% interest on the debt owed to you by Jane I. Belcher

after March 11, 2008.

    Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

3.      You charged more than 5% interest on the debt owed to you by Billy E. Belcher,

Jr. and Jane I. Belcher after March 11, 2008.

Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

4.      Between March 11, 2008, and December 1, 2009, you did not amortize the debt

owed to you by Billy E. Belcher, Jr. as required by the Debtors' confirmed plan.

Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

5.      Between March 11, 2008, and December 1, 2009, you did not amortize the debt

owed to you by Jane I. Belcher as required by the Debtors' confirmed plan.

Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

6.      Between March 11, 2008, and December 1, 2009, you did not amortize the debt

owed to you by Billy E. Belcher, Jr. and Jane I. Belcher as required by the Debtors' confirmed

plan.

Sallie Mae objects to this request on the grounds and to the extent that that the
information sought is irrelevant to the subject matter of this action and not reasonably calculated
to lead to the discovery of admissible evidence.

7.      You purposefully attempted to collect payments in excess of $311.32 from Billy

E. Belcher, Jr. in the months of September 2008, October 2008, and November 2008.

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrase "purposefully".

8.      You purposefully attempted to collect payments in excess of $311.32 from Jane I.

Belcher in the months of September 2008, October 2008, and November 2008.

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrase "purposefully".

9.      You purposefully attempted to collect payments in excess of $311.32 from the

Debtors in the months of September 2008, October 2008, and November 2008.

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrase "purposefully".

10.     You purposefully, and not accidentally, attempted to collect payments from the

Debtors in excess of the payments required by the Debtors' Plan after the confirmation of the

Debtors' Plan.

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrase "purposefully, and not accidentally".

11.     At all times after March 11, 2008, you were aware that the Debtors' filed

bankruptcy in 2006.

ADMIT

12.     After March 11, 2008, and before the filing of the complaint in this case, Billy E.

Belcher, Jr. told at least one of your agents that the Debtors' were in bankruptcy.

   ADMIT

13.     After March 11, 2008, and prior to the filing of the complaint in this case, one or

more agent(s) of Sallie Mae reviewed the Debtors' bankruptcy case docket.

   Sallie Mae objects to this request on the grounds that the request is vague and ambiguous
as to the phrase "reviewed".

   By way of further response, on at least one (1) occasion after March 11, 2008, a Sallie
Mae representative accessed the main case docket for the debtor's bankruptcy case, and took note
of the notation on the first page of docket, indicating that the case was "Discharged".

14.     Sallie Mae has never received a discharge order.

   ADMIT, with respect to this bankruptcy case only.

15.     Sallie Mae either was or should have been aware that no discharge order had been

entered in the Debtors' bankruptcy case as of the date its agent(s) reviewed the Debtors'

bankruptcy case docket.

   DENY

16.     Sallie Mae purposefully, and not accidentally, tried to draft the Debtors' bank

account for an amount in excess of $311.32 after March 11, 2008.

   Sallie Mae objects to this request on the grounds that the request is vague and ambiguous
as to the phrase "purposefully, and not accidentally".

17.    Prior to July 15, 2008, Sallie Mae received the letter attached to the complaint as Exhibit F.

   ADMIT


18.    Sallie Mae continued to try and collect its debt from the Debtors after July 15, 2008.

   ADMIT


19.    No agent of Sallie Mae ever called counsel for the Debtors.

   DENY


20.    No agent for Sallie Mae ever left a message for counsel for the Debtors.

   Unable to admit or deny.  By way of further response, see Sallie Mae's system notes from September 9, 2008, which indicate that a call was placed to Joel Charboneau on that date, but that Mr. Charboneau "would not talk to" the representative regarding the account.


21.    No agent for Sallie Mae ever left a voicemail message for counsel for the Debtors.

Unable to admit or deny.  By way of further response, see Sallie Mae's system notes from September 9, 2008, which indicate that a call was placed to Joel Charboneau on that date, but that Mr. Charboneau "would not talk to" the representative regarding the account.


## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce, regardless of whether such information is stored electronically, all recording(s) of all conversation(s) between any agent of Sallie Mae and Billy E. Belcher, Jr. and/or Jane I. Belcher.

RESPONSE:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "all recording(s) of all conversation(s)" and "between any agent of Sallie Mae and Billy E. Belcher, Jr. and/or Jane I. Belcher".

Notwithstanding these objections, by way of further response, there are no items available responsive to this request.


2.      For the period of time between March 11, 2008, and the present, produce, regardless of whether such information is stored electronically, all call logs and related records such as, but not limited to, notes of conversation(s), emails, and/or interoffice memoranda regarding the account(s) of Billy E. Belcher, Jr. and/or Jane I. Belcher.

RESPONSE:

Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues.  Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "call logs and related records" and "regarding the account(s) of Billy E. Belcher, Jr. and/or Jane I. Belcher".

Notwithstanding these objections, by way of further response, relevant documents enclosed herewith.


3.      Produce, regardless of whether such information is stored electronically, copies of all documents sent to Billy E. Belcher, Jr. and/or Jane I. Belcher after March 11, 2008.

RESPONSE:

Sallie Mae objects to this request on the grounds that the request is overbroad and vague and ambiguous as to the phrases "all documents" and "sent to Billy E. Belcher, Jr. and/or Jane I. Belcher".  Sallie Mae objects to this request in that the information sought is equally available to, or known by, the requesting party.

Notwithstanding these objections, by way of further response, relevant documents are enclosed herewith.

4.    Produce, regardless of whether such information is stored electronically, all

documents sent to Pennsylvania Higher Education Assistance Agency and/or American

Education Service after March 11, 2008.

RESPONSE:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "all documents" and "sent to Pennsylvania Higher Education Assistance Agency and/or American Education Service".

5.    Produce, regardless of whether such information is stored electronically, all copies

of all policy manuals and/or similar documents provided by Sallie Mae to its agents related to the

collection of delinquent accounts.

RESPONSE:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "all policy manuals and/or similar documents" and "related to the collection of delinquent accounts".

6.      Produce, regardless of whether such information is stored electronically, all copies of all policy and/or training manuals and/or similar documents (such as videos) provided by Sallie Mae to its agents related to the collection of accounts in which the obligor(s) have filed and/or are in bankruptcy.

RESPONSE:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrases "all policy and/or training manuals and/or similar documents" and "related to the collection of accounts".

7.      Produce, regardless of whether such information is stored electronically, any document(s) created by Sallie Mae and/or any agent of Sallie Mae analyzing the cost(s) and/or benefit(s) of non-compliance with bankruptcy law(s) and/or bankruptcy court order(s).

RESPONSE:

Sallie Mae objects to this request on the grounds and to the extent that that the information sought is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Sallie Mae objects to this request inasmuch as it imposes a grossly excessive and undue burden on Sallie Mae, and because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in the litigation, and the probative nature of the proposed discovery in resolving the issues. Sallie Mae objects to this request on the grounds that the request is vague and ambiguous as to the phrase "cost(s) and/or benefit(s) of non-compliance".

By:      _/s/ Matthew Huebschman_____
         Matthew Huebschman, Esquire (VSB #44181)
         SHENANDOAH LEGAL GROUP, P.C.
         310 South Jefferson Street

# EXHIBIT B

## Joel Charboneau

**From:** Joel Charboneau [jcharboneau@mfgs.com]

**Sent:** Friday, April 17, 2009 4:13 PM

**To:** Matt Huebschman (mhuebsch@shenlegal.com)

**Cc:** 'Billy Belcher'; 'William J. Becket'

**Subject:** Belcher - Sallie Mae



Dear Matt:

Thanks for taking my call yesterday to discuss my concerns regarding Sallie Mae's discovery responses. I also appreciate the phone call today.

As I indicated on the phone, I believe Sallie Mae's responses are deficient. Pursuant to Rule 7037, I have and am attempting to confer in good faith with Sallie Mae regarding its discovery responses. I will briefly address my concerns again in this email. I have already addressed my concerns on the phone in more dept and am willing to discuss them again and discuss case law on the matter. I am writing this email, just as I called you to confer, for the express purpose of fulfilling my obligation under Rule 7037 prior to seeking sanctions. If Sallie Mae amends its discovery responses by close of business on Monday to provide full and fair answers that are not spurious and evasive, then the Debtor will not seek sanctions. If Sallie Mae opts to stand on its responses, then the Debtors will seek sanctions.

Interrogatories (addressed by number, as I will with all other requests):

1. Vague:
   I believe this interrogatory is clear and not controversial.
   Work product:
   See number 5.
2. Irrelevant:
   Among other things, this seeks information Sallie Mae is required to disclose through initial and pre-trial disclosures. The interrogatory squarely addresses who has knowledge of the facts and it is not controversial.

   Unduly burdensome:
   Doesn't merit a response as you are already required to produce the information by virtue of initial and pre-trial disclosure.
   Vague:
   Among other things, this seeks information Sallie Mae is required to disclose through initial disclosure. The interrogatory squarely addresses who has knowledge of the facts and it is not controversial.
   Identifying information:
   Spurious. Run a Lexis search and you will discover a number of cases.
3. Same as 2.
4. Unduly burdensome, vague, personal identifying, and work product:
   This is a contention interrogatory based on, among other things, the fact that Sallie Mae has long asserted a good faith defense. Contention interrogatories are routinely upheld. Work product objections are not sustained to contention interrogatories.
5. Irrelevant:
   This goes to, among other things, the knowledge Sallie Mae's agents had regarding the necessity for a discharge order prior to their being a discharge. It seeks information that rebuts any assertion of reasonable reliance on the docket heading. It also goes towards the validity of punitive damages to force Sallie Mae to adapt its practices.

   Burdensome:
   Spurious. Response could be, see attached Exhibit _ and attach copies.
   Vague:
   Spurious. Sallie Mae is required to give the requests a reasonable interpretation, and the Debtors dispute the wording is vague or ambiguous to start with.
6. See 5.
7. Irrelevant:
   Goes to the damages incurred by the Debtors. The Plan modified Sallie Mae's claim and the treatment of that claim. If Sallie Mae has charged excessive interest and, arguably, accrued debt that is nondischargeable that is in excess of the amount set forth in the Plan, then the Debtors have been injured. Also relevant to Sallie Mae's continued flaunting of the confirmation order. Goes to the level of contempt and need for

punitive damages.

       8.     See 7.

       9.     See 7.

      10.     Spurious. Bill Becket has asserted that the Debtors did not tell Sallie Mae's agents expressly that they were protected by the stay. Bill Becket has refuted the Debtors' assertion that Sallie Mae's representatives were specifically apprised of the bankruptcy and the stay. This is discoverable. Ignoring the pleasantly unexpected surprise of being told no one at Sallie Mae has personal knowledge of conversations with the Debtors after Bill Becket's assertions, how will Sallie Mae rebut the Debtors assertion that they specifically informed Sallie Mae of, among other things, the stay now that Sallie Mae has asserted that in persons at Sallie Mae have personal recollection of what the Debtors said.

      11.     Lack of personal knowledge:

         See 10.

         Vagueness:

         Spurious.

      12.     Equally available:

         Spurious. This goes to what documents Sallie Mae actually received. I know what was sent. I want to know definitively what Sallie Mae admits receiving. It also will show that the log Sallie Mae sent me if not a complete log and/or other logs exist which have not been produced.

         Burdensome:

         See above. Spurious.

         Vague:

         Spurious.

         Irrelevant:

         Spurious. For example, the documents go right to the heart of Sallie Mae's knowledge of the Debtors' bankruptcy case. The documents also go to Sallie Mae's knowledge that no discharge was being issued until the Debtors made 60 payments under the Plan. Other documents, if receipt is admitted, go to prove knowledge of other relevant matters.

      As a general note, the responses are subject to sanction because they are not signed under oath.

      Request for Admissions

       1.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       2.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       3.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       4.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       5.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       6.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

       7.     Relevancy:

         This information is relevant. Among other ways it's relevant, see discussion regarding interrogatory 7.

         Vague:

         Spurious. Sallie Mae's representatives either meant to do what they did or they did not mean to do what they did. What is important for proving violations of the stay is not that someone meant to violate the stay, but that the person had knowledge of the bankruptcy (knowledge of the stay is, generally, imputed) and that the person intentionally acted. In this case, Sallie Mae knew of the stay because Sallie Mae's agents where apprised of the stay and they acted intentionally when they took actions that violated the stay.

       8.     See 7.

       9.     See 7.

10.    See 7.
13.    See 7.  Sallie Mae can qualify its answer if it chooses, but a proper response is Admit or Deny.
16.    See 7.

Request for Production

1.    Spurious.  See other responses to similar boilerplate objections.  Boilerplate objections are often sanctioned because they are mere boilerplate.
2.    See 1.
3.    See 1.  Also, Sallie Mae has incompletely responded to this request.  I have been given at least one email sent by Sallie Mae to the Debtors.  Sallie Mae sent emails to the Debtors in February and March 2008. I want copies of those emails and any other documents not produced.
4.    Relevancy:
       Goes directly to what Sallie Mae knew and what is reviewed to put together a package to transmit to AES.  Goes to what information AES, another defendant, had.
       Vague:
       Spurious.
5.    Relevancy:
       Goes to, among other things, the heart of Sallie Mae's asserted good faith defense.
       Burdensome:
       The Debtors agree that the temporal scope of the request is limited to the period of time between November 30, 2006, and the filing of the complaint.
       Vague:
       The request is plainly written and Sallie Mae must given the words a reasonable interpretation.  All training manuals, policy statements, etc. used to educate Sallie Mae agents on the collection of delinquent accounts should be produced.
6.    See 5.
7.    Relevancy:
       Goes directly to, among other things, the willfulness of Sallie Mae's actions and whether it made a conscious decision that it would be cheaper to violate the stay than to properly train its employees.
       Burdensome:
       Spurious.  Either they exist or they don't.
       Vague:
       Spurious.  Requests specific studies, if they have been conducted.

I look forward to your response.
Joel

W. Joel Charboneau, Esq.
Magee, Foster, Goldstein & Sayers, P.C.
310 First Street, S.W., Suite 1200
P.O. Box 404
Roanoke, VA 24003-0404
Phone (540) 343-9800
Fax (540) 343-9898

This e-mail may contain confidential or privileged information. If you are not the intended recipient, please notify the sender immediately by return e-mail or by calling 540-343-9800 and delete this e-mail and all copies and attachments.

IRS Circular 230 Notice: Unless specifically stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail.

_____ Information from ESET NOD32 Antivirus, version of virus signature database 4098

5/28/2009

# EXHIBIT C

**Joel Charboneau**

| | |
|---|---|
| **From:** | William J. Becket [wbecket@becket-lee.com] |
| **Sent:** | Friday, April 24, 2009 4:42 PM |
| **To:** | 'Joel Charboneau' |
| **Cc:** | Matt Huebschman |
| **Subject:** | RE: Belcher - Sallie Mae |

**Attachments:** confidentiality.pdf; contacts.pdf

Dear Joel,

In addressing your concerns regarding our responses to Plaintiff's discovery requests, we have taken a close look at our initial responses and communicated with our client to determine what else is relevant, material and available. Our understanding is that there were three primary areas or categories of information that you believed you were entitled to, but did not receive. These areas, as I understand them, are: 1) Information concerning Sallie Mae's internal accounting of the Plaintiff's loan, and specifically, whether that internal accounting has been adjusted to comport with the provisions of the Plaintiff's confirmed Plan, including with respect to the interest rate; 2) Information related to Sallie Mae's internal policies and procedures dealing with compliance with the automatic stay and other bankruptcy court orders; and 3) Identification of potential witnesses employed by Sallie Mae. While we believe each of our objections in our initial response to your discovery requests was valid, we would prefer to resolve any discovery dispute without the necessity for action by the court, if at all possible. In the spirit of cooperation and more fully explaining Sallie Mae's position, I provide this message and the attached information. I note that this further reply is provided just 38 days after service of your discovery requests, and within one week of your expression of your dissatisfaction with our initial responses. As before, if you remain dissatisfied with our disclosure, I would appreciate the opportunity to discuss and satisfy any further concerns, before litigation over discovery becomes necessary.

1) <u>Information concerning Sallie Mae's internal accounting of the Plaintiff's loan and interest rate</u>: On this issue we restate our Objections to your discovery requests, including specifically, Interrogatory Numbers 6, 7, 8 and 9, and Request for Admissions Numbers 1, 2, 3, 4, 5 and 6. So that you may more fully understand the basis for our Objections in this regard, I direct your attention to <u>Banks v. Sallie Mae Servicing Corp.</u>, 299 F.3d 296 (4th Cir. 2002). I'm sure you were unaware of this ruling by the Fourth Circuit, or I expect you would not have a claim for damages in the Complaint on this point, or devoted so many discovery requests to it. By way of further response, and without waiving any objections previously asserted, the interest rate on the Plaintiff's loan is a fixed rate of 6.75%.

2) <u>Information related to Sallie Mae's policies and procedures dealing with automatic stay and court orders</u>: We have obtained a few policy manual type documents from Sallie Mae concerning how employees deal with notices of bankruptcy, verbally and otherwise, and what to do when such notice is received. Sallie Mae continues to search its records to determine whether additional similar documents may be available. After having reviewed the documents we have, however, I have noted that Sallie Mae does not have a policy governing the unique circumstances in this case (i.e. the docket clearly indicates the case is "Discharged", but the case is not discharged). This factual scenario takes us "outside the manuals". For this reason, I believe these manuals are not relevant to the specific factual circumstances in this case. I acknowledge that relevance is, however, "in the eye of the beholder", and ultimately, is a matter for the court to decide. Sallie Mae would prefer disclose the documents, rather than litigate over disclosure. As such, Sallie Mae is agreeable to disclosure of the documents, but has indicated that the documents are proprietary and confidential. As such, we would like to enter into a stipulation and Order designating the documents as confidential, thereby barring further disclosure, except in certain limited and necessary circumstances, and providing for return of the documents, including all copies, at the conclusion of this litigation. We would like to have agreement to confidentiality in advance of disclosure. For this reason, I have prepared a proposed Consent Confidentiality Order (attached hereto), and I would ask that you review it and let me know if you are amenable to its terms. If so, we will seek entry, then provide you with documents related to this category of information in accordance with the provisions of the Order.

3) <u>Identification of potential witnesses employed by Sallie Mae</u>. Attached as a document entitled "contacts", please find a list of the persons we have identified so far. The search for additional information is ongoing. As I mentioned before, I deem it extremely unlikely that any of the people on this list have personal recollection of the matters with respect to which they have been identified. The information on this list has been compiled from historical notes we have already provided to you in our initial responses to your discovery requests.

Please feel free to contact me at any time, to discuss this matter.

Bill Becket

EXHIBIT
Plaintiff's Exhibit
5
7/12/09 08-07076
Page 1 of 8